UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23792-KMW

ADRIEN RICHEMOND
MADELEINE RICHEMOND,

      Plaintiffs,

v.

EQUITY MAX INC., a Florida Corporation
TITLE QUEST INVESTMENTS LLC.,
a Florida Limited Liability Company,
UNITED FINANCIAL COUNSELORS, INC.,
a Florida Corporation, JASON WALOWITZ,
an individual and STAN L. RISKIN, an individual,

      Defendants.        /

### STAN L. RISKIN'S MOTION TO DISMISS THE COMPLAINT BASED ON JUDICIAL ESTOPPEL, LACK OF STANDING, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITIVE STATEMENT [AND DEMAND FOR JURY TRIAL] WITH INCORPORATED MEMORANDUM OF LAW

Defendant **Stan L. Riskin,** moves this Court to dismiss the Complaint[1] on the

basis of Judicial Estoppel, Lack of Standing and Failure to State a Claim Upon

Which Relief Can Be Granted or in the alternative, moves this court to Order the

Plaintiffs to amend the Complaint such that it is legally sufficient and that it is not

inconsistent, ambiguous and nonsensical and in support thereof, states as

follows:

---

[1] After this matter was removed from Bankruptcy Court, the Plaintiff filed an Amended Complaint with the Bankruptcy Court on September 23, 2019. While there were some minor typos fixed and new counts added to the complaint targeting specific defendants, the issues for which Defendant Riskin seeks dismissal remain. As the Amended Complaint is not properly before this Court and the changes do not change Defendant Riskin's argument, this pleading remains targeted towards the original Complaint.

Case 1:00-1202-LMI  Doc 47-2  Filed 02/20/20  Page 2 of 12

## PLAINTIFFS ARE JUDICIALLY ESTOPPED FROM BRINING THIS ACTION

1.      On March 1, 2019, the Plaintiff's filed a Petition under Chapter 13 in their underlying bankruptcy case in the Bankruptcy Court of the Southern District of Florida, Case Number 19-12823-LMI.

2.      The schedules in the underlying case were amended on April 30, 2019 and again on May 28, 2019.

3.      The original petition and all amended schedules in the underlying case bear the electronic signature of both of the Debtors/Plaintiffs just under the declaration that under the penalty of perjury, the documents have been read and are true and correct, making the original petition and subsequent amendments sworn statements.

4.      The Debtors' Schedule B asks the following questions:

    a.      Question 33: "*Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment*".

    b.      Question 34: "*Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims*".

    c.      Question 35: "*Any financial assets you did not already list*".

5.      The Debtors' sworn answers to the above questions were "**NO**" and never changed in any subsequent amendment.

6.      Not only did the Debtors/Plaintiffs swear under oath that they had no claims against Defendant Riskin (or any other defendant for that matter),

2

they also failed to disclose the transfer of their real property as alleged in the Complaint.

7.      Paragraph 26 of the Complaint, states that on August 30, 2017, which is less than 2 years before the filing of the underlying bankruptcy case, that they transferred title to their real property.

8.      However, the Statement of Financial Affairs, Question 18 asks *"Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of business or financial affairs?"*, to which the answer **NO** was marked.

9.      The Statement of Financial Affairs was signed by both Debtors under penalty of perjury that it was true and correct and has never been changed to list the transfer in any of the subsequent amendments.

10.     The 11th Circuit following the mandate of the Supreme Court's opinion in New Hampshire v. Maine, 532 U.S. 742, 749 (2001), which describes the concept generally, has spoken clearly and repeatedly has held that in the Chapter 13 proceedings, that the debtor has an ongoing duty to disclose his assets to the bankruptcy court. Robinson v. Tysor Foods, 595 F.3d 1269 (11th Cir. 2010); DeLeon v. Comcar Industries, 321 F.3d 1289, 1291 (11th Cir. 2003); Ajaka v. Brooks America Mortgage, 453 F.3d 1339, 1344 (11th Cir. 2006) and Waldron v. Brown, 536 F.3d 1239, 1244 (11th Cir. 2008).

11.     The cases cited above are "Chapter 13 bankruptcy cases and citing Burnes for the proposition that the duty to disclose is a continuing one that

does not end once the forms are submitted to the bankruptcy court: rather the debtor must amend (the) financial statements if circumstances change." Robinson at 1274 citing Burnes v. Pemco Aeroplex, 291 F.3d 1282 (11th Cir. 2002).

12.     As articulated by Robinson, supra, judicial estoppel will be rigorously applied where inconsistent positions are taken under oath and "shown to have made a mockery of the judicial system." There, the debtor took inconsistent sworn positions and failed to disclose litigation claims that vested both pre-petition and post-petition.[2]

13.     "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of undisclosed claims or has no motive for their concealment. While an estoppel parties' contradictions must be intentional, such intent may be inferred from the record." Barger v. City of Cartersville, 348 F.3d 1289, 1295-96 (11th Cir. 2003). (citations omitted).

14.     The Complaint makes no allegation that the Debtors learned of the claims post-petition and in fact the Debtors attempted to raise the matters before this Court in an earlier Case, 12-19784-LMI, Docket Entry #48 so there is no excuse for the Debtors to claim that they were not aware of the claims or issues when the underlying bankruptcy case was filed.

15.     In fact it appears that the Debtors' sole motive in filing the underlying bankruptcy case was to save their real property so they can hardly

---

[2] If the Debtors genuinely assert the claims as asserted in the Complaint then their schedules constitute "false oaths" in violation of 18 U.S.C. § 1852.

claim that omitting the potential claims against the Defendants multiple times was inadvertent as that seems to be their main reason for filing bankruptcy.

16. Accordingly, this Court should take the Debtors' repeated sworn statements that they have no claims against the Defendants and dismiss this case with Prejudice.

### PLAINTIFFS LACK STANDING

17. Paragraph 23 of the Complaint states that 8275 NW 1st Place LLC (the "LLC") was the party that borrowed the money from Equitymax, not the Debtors.

18. In fact, all of the documents regarding the loan, including the Note, the Mortgage and the Settlement Statement make reference to the LLC, not the Debtors as the party to the loan transaction.

19. The entire basis of the Lawsuit is that the money from the LLC's Equitymax loan did not get to the Chapter 13 Trustee, it's intended recipient.

20. Accordingly, the aggrieved party with the damages is the 8275 NW 1st Place LLC that borrowed the money, not the Debtors and it is the LLC who should have brought suit in a proper forum, not in this Bankruptcy Court Adversary Proceeding.

21. [S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007) (internal quotations omitted).

22.     If there is no standing, we must end there, too. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that [the plaintiff has no standing], the court is powerless to continue.").

23.     Accordingly, since the Plaintiff's do not have standing to bring this action, their Complaint should be dismissed.

### FAILURE TO STATE A CLAIM DUE TO INCONSISTENT PLEADING AND VAGUE STATEMENTS OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

24.     F.R.C.P. 12(b)(6), incorporated though F.R.B.P 7012, makes a complaint subject to dismissal for failure to state a claim if it is apparent from the face of the complaint that the allegations do not state a claim upon which relief may be granted.

25.     F.R.C.P 8(a), incorporated through F.R.B.P 7008, requires a claim to state enough facts to show the pleader is entitled to relief, which was not done in the Complaint.

26.     F.R.C.P 9(b), incorporated through F.R.B.P 7009, requires a claim for fraud to be plead with particularity, which was not done in Count II of the Complaint for Fraud by Misrepresentation.  "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtain as

6

a consequence of the fraud." *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc*., 290 F. 3d 1301, 1310 (11th Cir. 2002). This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1370-71 (11th Cir. 1997) quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).

27.     F.R.C.P. 12(e), allows a party to move for a more definite statement of a pleading ... which is so vague or ambiguous that the party cannot reasonably file a response.

28.     Nearly every allegation in the Complaint against a "defendant" is listed as being done by "Defendants" referring to all of the defendants collectively rather than to delineate the individual acts of each defendant, thus it is impossible to determine if Defendant Riskin is included in the collective "Defendants" as alleged.

29.     An example of lumping all defendants together is in Paragraph 26 of the Complaint, which says that "a warranty deed drafted by Defendants, signed and made effective that day transferring title from Debtors to the LLC", however the deed in question (a copy of which was filed with the Bankruptcy Court in the Debtors' prior case 12-19784-LMI at D.E. #51-2) clearly says at the top that it was prepared by Elizabeth Questell of Title Quest Investments LLC.

30.     An example of vague pleading is In Count II for Fraud by

7

Misrepresentation, the Complaint makes the following vague assertions about the collective Defendants:

> a.  Paragraph 48 states that "Defendants had superior or exclusive knowledge of facts" but fails to state which defendants and which facts they knew.
>
> b.  Paragraph 49 states that "Defendants had a duty to disclose material facts to the defendants [sic]" but fails to state which Defendants failed to disclose what material facts and how failing to disclose any facts to another defendant is Fraud by Misrepresentation against the Plaintiffs.
>
> c.  Paragraph 50 states that "Defendants voluntarily disclosed some information regarding the subject transaction but failed and refused even though they had a duty to make a full disclosure", this being the most vague allegation in the Complaint as it fails to say who said what, just that everyone said something but failed and refused to say other things.

31.  An example of inconsistent pleading is in Count I - Negligence as to Stan Riskin, where the Debtors' allege:

> a.  In Paragraph 45(a), that Defendant Riskin failed to inform the Plaintiffs that "Their Chapter 13 Plan would not ultimately save their home ", meaning that the Debtors allege that the bankruptcy could not succeed in saving their home.

b.    In the second Paragraph 45(c) that "Riskin knew or should have known that it would not, represented them in the closing, and distribution of funds", which makes no sense as to who "it" is and it is unclear what "represented" in closing and distribution of funds means.

c.    In Paragraph 46, "Riskin's failure to use the necessary and required care damaged the Plaintiffs but competent representation would resulted in a more favorable result.", which is inconsistent with their assertion in Paragraph 45(a) that their home could not be saved so it is unclear how they were damaged or more competent representation would have resulted in a more favorable result as they allege that their home could not be saved.

d.    Lastly in the Wherefore clause of Count I, demand (a), it is unclear what are "Form damages".

32.    Rules 8 and 12 define the criteria for assessing the sufficiency of a pleading before discovery. Rule 8(a)(2) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint's statement of a claim does not satisfy this requirement, it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A claim satisfies the requirement of Rule 8(a)—and avoids dismissal under Rule 12(b)(6)—if the complaint alleges facts sufficient to establish that the claim is "plausible on its

9

face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

33.     In this case, the Plaintiff has filed a shotgun pleading directed at all of the Defendants (except Count I, which has its own issues).

34.     Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

35.     F.R.C.P. 12(e) is the remedy to shotgun pleadings and if this Court declines to Dismiss the Complaint then in the alternate, Defendant Riskin requests this Court require the Plaintiff to re-plead the complaint such that he can reasonably form a response, which would include requiring the Plaintiff to only refer collectively to all Defendants when a count applies to all defendants and only incorporate general allegations in a count that actually apply to that count.

36.     Accordingly, Count I against Mr. Riskin should be dismissed as by the Defendants own allegation that their property could not be saved shows that they have no damages and should the Court not dismiss Count I, it should

require an amended Complaint that is not vague as to who did what when and specify what the Plaintiffs' damages are, what would be a more favorable result, and what was not disclosed.

**WHEREFORE**, Defendant Stan L. Riskin, respectfully requests this Court Dismiss the Complaint pursuant to Judicial Estoppel as the Plaintiffs have sworn under penalty of perjury that they have no claims against these defendants, that the Court Dismiss the Complaint as the Plaintiffs lack standing to bring this Action, and that the Court Dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim due to the vague allegations and lack of specificity due required by allegations of fraud, or in the alternative, pursuant to Rule 12(e) require the Plaintiffs amend the Complaint to fix all pleading errors and vague statements.

## DEMAND FOR JURY TRIAL

Pursuant to the Bankruptcy Court for the Southern District Local Rule 9015-1, Defendant Stan L. Riskin demands a trial by jury in the United States District Court for the Southern District of Florida, on all issues so triable.

## STATEMENT OF LACK OF CONSENT TO ENTRY OF FINAL JUDGMENTS AND ORDERS OF BANKRUPTCY COURT

In Accordance with Fed. R. Bankr. P. 7012(b), Defendant Stan L. Riskin stated that he declines to consent to the entry of Final Judgments and Orders of the Bankruptcy Court in this matter.

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District

Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Bankruptcy Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 25th day of September, 2019 via electronic service through **CM/ECF** to all parties entitled to electronic notice, including the parties listed below:

Natalie F Guerra Valdes on behalf of Defendant Title Quest Investments, LLC
nvaldes@valdeslawfirmpa.com

Julio C Marrero on behalf of Plaintiffs Adrien Richemond and Madeleine Richemond at Bankruptcy@marrerolawfirm.com, bkcmailecf@gmail.com; r49991@notify.bestcase.com;eqramul@marrerorealestatelaw.com

Jerome L Tepps on behalf of Defendant Equitymax, Inc at courtpapers@teppslawfirm.com;, jerome@teppslawfirm.com; william@teppslawfirm.com;G14314@notify.cincompass.com

Advantage Law Group, P.A.
20801 Biscayne Blvd. Ste. 506
Aventura, FL 33180
Phone: 305-936-8844

By:_____*/s/Stan L. Riskin*_____
   Stan L. Riskin, Esq.
   Florida Bar No.: 129106
   Stan.Riskin@gmail.com